AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.  **ORDER OF DETENTION PENDING TRIAL**

__RADELL BRADFORD__  Case Number: 09-20133-05-JWL-JPO
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: September 3, 2010                  s/David J. Waxse
                                          *Signature of Judicial Officer*

                                          DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                          *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Radell Bradford
Criminal Action 09-20133-05-JWL-JPO

## Part II - Written Statement of Reasons for Detention

There are a series of factors I have to look at to determine whether or not the person should be released or detained.

The first factor is the nature and circumstances of the offense charged, including whether the offense involves a controlled substance. It clearly does, so that is a negative.

The next factor is the weight of the evidence. There is a Grand Jury Indictment so that is a negative.

The next factor is the history and characteristics of the person, including their physical and mental condition. There is nothing that is a problem with release or detention, so that is neutral.

The next factor is family ties. There is no clear indication of family ties to the community so that is a negative.

The next factor is employment. There is no indication of current employment so that is a negative.

The next factor is financial resources. There is no indication of substantial resources that would assist her in fleeing so that is a positive.

The next factor is length of residence in the community. It appears that the defendant has previously resided for a long period of time in the Kansas City area but was not here at the time of the arrest, so that is a negative.

The next factor is community ties. There is no indication that she has community ties so that is a negative.

The next factor is past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. At the time of the Texas report there had been both marijuana and alcohol abuse as recent as 72 hours, so that is a

negative. There is an extensive criminal history, although most of it is minor. There are several failures to appear, or being on release from events where she has not later shown up.

The next factor is whether at the time of the current offense or arrest the person was on parole or other release. It appears from the number of outstanding warrants that she was, although most of them are for misdemeanors.

Taking all those into consideration, including the presumption, the defendant will remain detained.