IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
　)
　　　　　Plaintiff / Respondent, )
　)
v. ) Case No. 09-20133-05-JWL
) Case No. 12-2299-JWL
RADELL BRADFORD, )
　)
　　　　　Defendant / Petitioner. )
　)
_____)

### **MEMORANDUM AND ORDER**

The matter is presently before the Court on defendant Radell Bradford's pro se petition to vacate her sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1500) and the Government's motion for enforcement of defendant's plea agreement (Doc. # 1507). For the reasons set forth below, the Court **grants** the Government's motion to enforce defendant's plea agreement, and defendant's petition is therefore **dismissed**.

### **I.    Background**

On March 23, 2011, defendant entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) and pleaded guilty to one count of a conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). The plea agreement contained the following waiver of defendant's right to appeal or to collaterally attack her sentence:

> **9.     Waiver of Appeal and Collateral Attack.**  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change her sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockersham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. R. Civ. Pro [*sic*] 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).  Notwithstanding the forgoing [*sic*] waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

(First set of brackets in original.)  The plea agreement also concluded with the following provision:

> **15.     No Other Agreements.**  The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel.  Further, the defendant acknowledges that she has had the plea agreement read to her, understands it and agrees it is true and accurante and not the result of any threats, duress or coercion.  The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties.  The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty

because the defendant is guilty and is doing so freely and voluntarily. Defendant also stated in her plea petition that she offered her plea freely and voluntarily. The Court also confirmed the voluntariness of the plea in its colloquy with defendant at the plea hearing. In particular, in that colloquy, defendant stated under oath that she understood that she was waiving any right to appeal or to collaterally attack her sentence; that no one had coerced her or made any promise or inducement to procure her plea; and that she was entering a plea of guilty freely and voluntarily and because she was in fact guilty of the charge. The Court then found that defendant's plea was knowing and voluntary.

The parties' Rule 11(c)(1)(C) plea agreement called for a sentencing range of 87 to 108 months. At sentencing, the Court determined that the applicable sentencing guideline would have provided a range of 108 months to 135 months of imprisonment, but it nonetheless imposed a sentence of 98 months, within the sentencing range agreed by the parties in the plea agreement.

Defendant did not file a direct appeal of her conviction or sentence. On May 18, 2012, defendant filed her pro se petition pursuant to Section 2255. As the basis for that petition, defendant alleged that she received ineffective assistance of counsel as follows: (1) counsel failed to file a timely notice of appeal despite her request for an appeal; (2) counsel failed to challenge the amount of loss associated with the offense; (3) counsel underestimated her sentencing range; and (4) counsel failed "to get proper venue" where the alleged money laundering took place. In response, the Government has moved for

enforcement of the waiver in defendant's plea agreement. Defendant has not filed a reply in support of her petition or responded to the Government's motion.

## II.     Analysis

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *See* 28 U.S.C. § 2255(b). The Court, however, will hold a defendant and the government to the terms of a lawful plea agreement. *See United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of Section 2255 rights in a plea agreement is generally enforceable. *See United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver, by which the district court must determine the following: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived the rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). The Court concludes that such analysis mandates that defendant's waiver be upheld and enforced in this case.

First, defendant clearly waived her right to bring these claims for ineffective assistance of counsel. The waiver contained in defendant's plea agreement provided that defendant could appeal only if the Court varied upward from the applicable sentencing guideline range or if the Government filed its own appeal, but neither of those contingencies occurred in this case. The plea agreement also recognized that, under *United States v. Cockersham*, 237 F.3d 1179, 1187 (10th Cir. 2001), defendant did not waive the right to bring a Section 2255 claim for ineffective assistance of counsel specifically challenging the validity of the plea or the waiver. Defendant has not asserted in her petition, however, that her counsel was ineffective with respect to negotiating or entering the plea or the specific waiver provision; rather, on their face, her claims relate to the filing of an appeal, sentencing issues, and venue.[1] Thus, the Court concludes that the issues raised by defendant in her petition fall within the scope of her waiver. *See United States v. Viera*, 674 F.3d 1214, 1217-19 (10th Cir. 2012) (issue of failure to file appeal may be waived); *Cockersham*, 237 F.3d at 1188 (challenges relating to sentencing may be waived); *United States v. Allen*, 24 F.3d 1180, 1183 (10th Cir. 1994) (issue of venue may be waived).

Second, the Court concludes that defendant knowingly and voluntarily waived her rights. In assessing the voluntariness of a defendant's waiver, the Court looks primarily

---

[1]In conclusorily alleging that counsel was ineffective in failing to challenge the actual amount of loss and in underestimating the sentencing range, defendant has not suggested that these alleged errors undermined the validity of the plea.

to two factors—whether the language of the plea agreement stated that the defendant entered the plea agreement knowingly and voluntarily and whether there was an adequate Rule 11 colloquy. *See United States v. Smith*, 500 F.3d 1206, 1210-11 (10th Cir. 2007). As set forth above, both factors were present here. Moreover, defendant has not asserted in her petition that her plea was not knowing or voluntary.

With respect to the third prong of the applicable analysis, enforcement of a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Hahn*, 359 F.3d at 1327. Defendant has not argued any of these points, and the Court concludes that enforcement of the waiver would not result in a miscarriage of justice.

Accordingly, the Government's motion for enforcement of defendant's waiver is granted, and defendant's Section 2255 petition is therefore dismissed.[2]

### III.     <u>Certificate of Appealability</u>

---

[2]Because the motion and records of this case conclusively show that defendant is not entitled to relief, the Court need not conduct a hearing on this matter. *See* 28 U.S.C. § 2255(b).

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3] To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For the reasons stated above, defendant has not made a substantial showing of the denial of a constitutional right; the Court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's motion to enforce defendant's plea agreement (Doc. # 1507) is **granted**, and defendant's motion to vacate her sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1500) is therefore **dismissed**.

IT IS SO ORDERED.

Dated this 27th day of August, 2012, in Kansas City, Kansas.

---

[3] The denial of a Section 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge