IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                              Case No. 09-20133-05-JWL

**Radell Bradford,**

      **Defendant.**

## MEMORANDUM & ORDER

Radell Bradford pleaded guilty to one count of conspiracy to commit money laundering under 18 U.S.C. § 1956(h) and received a 98-month sentence. This matter is before the court on Ms. Bradford's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which she asks the court to reduce her sentence based on Amendment 782 of the United States Sentencing Guidelines. As will be explained, the court lacks the authority to reduce Ms. Bradford's sentence based on Amendment 782. The motion, then, is dismissed for lack of jurisdiction.

Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed. *Freeman v. United States*, ⸺ U.S. ⸺, 131 S. Ct. 2685, 2690 (2011). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c). The provision states that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In one such statement, the Commission has specified that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). To determine whether an amendment would have this effect, the policy statement explained,

> the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b). This policy statement is binding on the federal courts. 18 U.S.C. § 3582(c).

Applying this policy statement in the present case, the court concludes that Amendment 782 does not lower Ms. Bradford's applicable guideline range. Ms. Bradford's base offense level of 22 was calculated not by using the drug tables found in U.S.S.G. § 2D1.1 but by using the money laundering guideline found in U.S.S.G. § 2S1.1(a)(2). Amendment 782 does not entitle defendants sentenced under § 2S1.1 to a reduced term of imprisonment because that amendment has no bearing on the money laundering sentencing guidelines. *See, e.g., United States v. Williams*, 2015 WL 1607967, at *2 (N.D. Ill. Apr. 9, 2015) (Amendment 782 does not

apply to drug offenders whose sentences were based upon offenses levels calculated by guidelines other than the Drug Quantity Tables in § 2D1.1).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Bradford's motion to reduce sentence (doc. 1784) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 29th day of May, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
